**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATHAN MCCOY,

    Plaintiff,

vs.                                                                         Case No. 3:25-cv-1099-MMH-PDB

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Defendant's Response to Jurisdictional Order (Doc. 12; Response), filed on October 6, 2025. On September 17, 2025, Defendant removed this action from state court. See Notice of Removal (Doc. 1; Notice). In the Notice, Defendant invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 1. However, upon review of the Notice and the attached Complaint (Doc. 7), the Court was unable to determine whether the exercise of diversity jurisdiction over this action is proper. Indeed, Defendant inadequately alleged Plaintiff's citizenship and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000. See generally id. As a result, on September 22, 2025, the Court entered a Jurisdictional Order (Doc. 11; Order) outlining the deficiencies of the Notice and directing Defendant to provide the Court with

sufficient information so that it could determine whether it has diversity jurisdiction over this action. See generally Order. On October 6, 2025, Defendant filed its Response. Now, Defendant adequately pleads Plaintiff's citizenship, but it again fails to allege facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this action is due to be remanded to state court.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). As the Supreme Court has explained, a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. LLC v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).

Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.[1]

Here, Plaintiff has only produced $3,751.20 in past medical bills, an amount well below the $75,000 jurisdictional threshold. See Plaintiff's Initial Disclosures (Doc. 1-7 at 3–9), filed on September 17, 2025, at 7; see also Response ¶ 14(g). Nevertheless, Defendant asserts that Plaintiff has not yet produced medical bills for three MRIs taken of his spine. See Response ¶ 14(g). Based on the alleged average cost of MRIs in Florida, Defendant estimates that Plaintiff's past medical bills total at least $11,245. See id. Even so, this amount still falls considerably short of the jurisdictional threshold. To make up the difference, Defendant points to other evidence and allegations, including a

---

[1] The Court notes that Dart, Dudley and Pretka all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Id. at 756, 756 n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

proposal for settlement, Plaintiff's potential need for future medical care, Plaintiff's demand for non-economic damages, the alleged nature of Plaintiff's injuries, and a civil cover sheet. See id. ¶ 14. But, upon review, the Court finds this evidence insufficient to establish the amount in controversy in this action.

Defendant primarily relies on a proposal for settlement in which Plaintiff demanded $1,000,000 to settle his claims. See Response ¶ 14(d); see also Plaintiff Nathan McCoy's Proposal for Settlement to Defendant Lowe's Home Centers, LLC, (Doc. 1-7 at 1–2; Proposal for Settlement) at ¶ 4. However, a proposal for settlement, standing alone, "is not enough to satisfy [a] [d]efendant's burden" of establishing the amount in controversy. See Brooks v. Sears, Roebuck & Co., No. 6:18-cv-554-Orl-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018) (recommending that the case be remanded to state court, despite an offer for judgment which exceeded the jurisdictional threshold, where the defendant "provided the [c]ourt with no information whatsoever regarding the nature or severity of [p]laintiff's injuries" to indicate whether the offer was "a reasonable assessment of the value of [p]laintiff's claim"), report and recommendation adopted, 2018 WL 3545421 (July 24, 2018).[2] And when a proposal or settlement offer "reflect[s] puffing and posturing" it "is entitled to

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Alilin v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014). Notably, "[s]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." Alilin, 2014 WL 7734262, at *2 (quoting Jackson, 651 F. Supp. 2d at 1281). Here, Defendant does not provide the Court with any information explaining on what facts, if any, Plaintiff substantiated the $1,000,000 demand in the Proposal for Settlement. See generally Response. And Defendant does not suggest that such a high demand is reasonable in light of the evidence and allegations before the Court. See generally id. As such, Plaintiff's demand for $1,000,000 in the Proposal for Settlement, which appears to be nothing more than mere puffery and posturing, is entitled to little weight in assessing the amount in controversy in this action.

Next, Defendant points to Plaintiff's alleged need for ongoing medical care and treatment. See Response ¶¶ 14(e)–(j). Notably, Defendant asserts that, during a discussion between the counsel for each party, Plaintiff's counsel advised that Plaintiff had an upcoming doctor's appointment "where they expected that Plaintiff would get a surgical recommendation as he still has ongoing pain." See id. ¶ 14(e). Citing high average costs of neck fusions and back

surgeries, Defendant contends that Plaintiff's future medical expenses will reasonably exceed $75,000. See id. ¶ 14(i). But Defendant's estimates of future treatment are entirely too speculative to establish the amount in controversy. Indeed, Plaintiff's counsel's expectation of receiving a surgical recommendation does not allow the Court to reasonably discern the amount in controversy without relying on impermissible conjecture or speculation. There is no way to know whether Plaintiff will actually receive a surgical recommendation, let alone whether he will choose to go through with the surgery should a medical professional recommend it. The Court cannot, and will not, rely on such speculative future medical treatment to determine that the jurisdictional amount in controversy is satisfied.

Finally, as to Defendant's reliance on Plaintiff's request for non-economic damages and the nature of Plaintiff's alleged injuries, the Court finds that this evidence is also insufficient to establish the amount in controversy. Indeed, Plaintiff's allegations appear to be boilerplate allegations of injury that appear in almost every personal injury complaint. See, e.g., Complaint ¶ 9. And the information Defendant provides does little to show the extent of Plaintiff's injuries or the amount of his damages. As such, these vague and conclusory allegations do not aid in establishing the amount in controversy.[3]

---

[3] Defendant also relies on the civil cover sheet filed with the Complaint in state court and Plaintiff's allegation that this action for damages exceeds $50,000. See Response ¶¶ 14

For the foregoing reasons, the Court determines that Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists. As such, this action is due to be remanded to state court.[4]

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

---

(a), (c). As the Court previously noted, a civil cover sheet is simply for "data collection and clerical processing purposes" and "shall not be used for any other purpose." See Order at 5. Absent any additional facts, reliance on the civil cover sheet alone is insufficient. See Cain v. Lowes Home Ctrs., LLC, No. 3:23-cv-790-TJC-PDB, 2023 WL 5153482, at *1 (M.D. Fla. Aug. 10, 2023); Wade v. Evangelical Lutheran Good Samaritan Society, 6:21-cv1838-ACC-DCI, 2021 WL 10396363, at *2 (M.D. Fla. Nov. 9, 2021); Potter v. Coastal Auto. Reconditioning, LLC, No. 3:21-cv-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021). While a civil cover sheet and/or an allegation that damages exceed $50,000 may be worth something in other cases, they do not aid in establishing the amount in controversy on the record before the Court here.

[4] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of October, 2025.

*/s/ Marcia Morales Howard*

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Counsel of Record
Clerk, Fourth Judicial Circuit